**William E. JONES, Jr., Plaintiff–Appellant,**

v.

**PENN TREATY AMERICAN CORPORATION; United Insurance Group Agency, Inc., Defendants–Appellees.**

No. 02–2104.

United States Court of Appeals, Sixth Circuit.

April 8, 2004.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

## MEMORANDUM OPINION

PER CURIAM.

Plaintiff William Jones, Jr., worked for nine years as an insurance salesman and manager for United Insurance Group Agency, Inc. ("UIG"), which was purchased by Penn Treaty American Corp. ("Penn Treaty") in 1999. This dispute centers on renewal "overwrite" commissions that plaintiff contends are owed to him under the terms of an oral employment contract. Federal court jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332, and the substantive law of Michigan applies. The district court granted summary judgment to defendants. In reaching its decision, the court reasoned that the Michigan statute of frauds barred plaintiff's contract claim. It also concluded that claims raised under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., likewise could not withstand a motion for summary judgment.

Having had the benefit of briefing and oral argument, we affirm the district court for the reasons set forth in its Opinion and Order filed on July 25, 2002. In his brief to this court, plaintiff asserts that his contractual claim did not come within the ambit of the statute of frauds because he and his agents had performed all services due under the oral contract once the long term care policies in dispute were delivered to their owners. However, the Michigan statute of frauds provides that an unwritten "agreement, contract, or promise" must be capable of performance within one

year to be valid. Mich. Comp. Laws § 566.132(1)(a). As the district court recognized, simply because plaintiff performed the services required of him within the year does not save the oral contract from the statute of frauds: the completion of the contract required the policyholder to pay the annual premium, which by definition would not occur within the year. Opinion and Order at 4.

The judgment of the district court is **affirmed.**